## 63928. KNIGHTON et al. v. GARY et al.

CARLEY, Judge.

The sole issue in the instant case is who, appellee-landlords or appellant-tenants, is entitled to hay growing on appellees' property and harvested after June 30, 1981. This issue arises in the following context: Appellees filed a dispossessory action against appellants, alleging them to be tenants holding over past the date their tenancy had ended. Appellants answered, asserting that they were in lawful

possession of the premises pursuant to a valid lease establishing a definite tenancy which did not expire until December 31, 1981, some six months later than appellees contended the tenancy had terminated. Appellants also filed a separate declaratory judgment action, in which they sought a declaration of their rights to the property, including the right to harvest hay which had been growing on the property but which had not matured by June 30, 1981, the date appellees contended that appellants' six-month tenancy had ended. Appellees' dispossessory action and appellants' declaratory judgment action were consolidated and a single jury trial was held.

At trial, appellants offered an alternative theory of their lawful possession of the premises other than holding for a definite period under a valid lease. Appellant's alternative theory of lawful possession was that they were tenants at will and that they had not been given the statutory sixty days' notice which would have been necessary to terminate their tenancy at will on June 30, 1981. Code Ann. § 61-105. In response to this alternate theory of lawful possession, appellees did not assert that the sixty days' notice had been given. Instead, appellees maintained their original position that appellants held only a definite six-month tenancy which expired on June 30, 1981, and, accordingly, that appellants were not tenants at will. Under this evidentiary posture, the case was submitted to the jury with uncontested instructions regarding both tenancies at will and tenancies for a definite period. The jury was further instructed to return a special verdict giving its answer to the following question: "We, the jury, find that the ———— are entitled to possession of the property after June 30, 1981." The special verdict returned by the jury found for appellees on the issue of possession of the premises after June 30, 1981.

Pursuant to this verdict, the trial court entered judgment granting a writ of possession to appellees. Also, the trial court entered judgment for appellees awarding them title to and right of possession of all hay growing on the property but unharvested by June 30, 1981. Appellants do not appeal from the entry of judgment on the jury verdict finding that appellees were entitled to possession of property after June 30, 1981. They appeal from the judgment only insofar as it awarded the hay to appellees.

Having conceded that appellees are entitled to possession of the property after June 30, 1981, it is essentially appellants' contention that hay is a "crop" and, as such, the doctrine of emblements is applicable. " 'Emblements' are corn, wheat, rye, potatoes, garden vegetables, and other crops which are produced annually, not spontaneously, but by labor and industry. A distinct and well-defined doctrine commonly known as the doctrine of emblements or

'away-going crops' has been developed in reference to the ownership of such crops in the event of the termination, under certain conditions, of the estate or tenancy of the person who planted them . . . The doctrine or right of emblements entitles one who holds land for a period subject to termination at a time which he cannot ascertain beforehand to remove from the land after the termination of his tenancy the annual crops or emblements which he has planted thereon prior to such termination, if the termination is brought about without any fault on his part or without any act of his intended to bring about such a result." 21A AmJur2d, Crops, § 25, pp. 631-632. The doctrine of emblements is clearly viable and assertable in Georgia. With specific regard to the landlord-tenant relationship, "[t]he tenant at will is entitled to his emblements, if the crop is sowed or planted before notice to quit by the landlord, or the tenancy is otherwise suddenly terminated, as by the sale of the estate by the landlord, or by judicial sale, or death of the landlord or tenant." Code Ann. § 61-106. See also Code Ann. §§ 85-606, 85-804. It does not appear, however, that it has ever been judicially determined in Georgia whether hay is an emblement to which the doctrine is otherwise applicable. "It has usually been asserted by the courts that emblements do not include hay and grass." 21A AmJur2d, Crops, § 2, p. 600.

However, we need not decide the ultimate question of whether or not hay is an emblement. Even assuming that it is, the doctrine of emblements would not be applicable under the facts of the instant case. As noted above, the doctrine arises only in certain, not all, circumstances. "A tenant holding under a tenure which is uncertain as to the time at which it will cease may be entitled to such crops by virtue of the doctrine of emblements . . . A tenant under a lease which provides a definite period of tenure is not, according to the general rule of the common law, entitled to crops which do not mature until after the termination of the lease, because it is the tenant's own folly to sow when he knows with certainty that his lease will end before the time of harvest." 21A AmJur2d, Crops, § 24, p. 629. See also *Bagley v. Columbus Southern R. Co.,* 98 Ga. 626, 634-636 (25 SE 638) (1896). It is evident that Code Ann. § 61-106 is a codification of the common law rule that the doctrine of emblements is assertable if the tenancy is at will. In that circumstance, the duration of the tenancy is uncertain and may be terminated at any time upon notice by the landlord. See *Bagley,* 98 Ga. at 633, supra. The converse of this rule, which is applicable here, is that the doctrine of emblements does not arise when the tenancy is not one at will, but is instead for a definite period.

The jury verdict in the instant case clearly establishes that appellants were not tenants at will but were tenants for a definite

six-month term which expired on June 30, 1981. Under the evidence, the jury verdict for appellees on the issue of possession cannot be construed as a finding that appellants were tenants at will and that their at will tenancy was properly terminated on June 30, 1981. This is true because, as noted above, appellees did not assert that they had given appellants the statutorily required sixty days' notice necessary to terminate a tenancy at will. Rather, appellees contended and offered evidence only that appellants were holding over, as tenants at sufferance, after the expiration of a definite six-month term which ended on June 30, 1981. Therefore, the jury verdict finding that appellees were entitled to possession must represent a finding in accordance with appellees' contention and evidence that appellants had the right of possession of the property for a term certain which ended on June 30, 1981. Since appellants were not tenants at will but tenants for a definite term ending on June 30, 1981, the doctrine of emblements has no application. "The doctrine does not apply if the tenant is aware that his tenancy must inevitably expire before the reaping or harvesting of his crops, nor does it apply where a lease for a time certain has expired according to its terms." 21A AmJur2d, Crops, § 26, p. 633. Appellees being entitled to possession of the land after the expiration of appellants' definite term on June 30, 1981, and appellants not being entitled to assert or rely upon the doctrine of emblements, the trial court did not err in entering judgment for appellees as to the hay harvested or harvestable after that date.

*Judgment affirmed. Quillian, C. J. , and Shulman, P. J., concur.*

DECIDED SEPTEMBER 9, 1982.

*Richard A. Childs,* for appellants.
*Jesse G. Bowles III,* for appellees.